ANDREW J. ZAHN, PLAINTIFF-APPELLANT, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY AND WILLIAM S. CARPENTER, PRESIDENT THEREOF, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 5, 1951—Decided April 25, 1951.

Before Judges Freund, Proctor and Rogers.

*Mr. Walter D. Van Riper,* attorney for and of counsel with appellant.

*Mr. John W. Griggs* argued the cause for the defendants-respondents (*Mr. Theodore D. Parsons,* Attorney-General of New Jersey, attorney).

The opinion of the court was delivered by

PROCTOR, J. S. C. Plaintiff appeals from a ruling of the President of the Civil Service Commission of the Department of Civil Service in a "letter decision" dated June 7, 1950.

In the spring of 1950, the then chief engineer of the Irvington fire department was retired, effective as of May 15, 1950. There were only three persons, including plaintiff, eligible to take the promotion test for the position of chief engineer. In the forenoon of May 16, 1950, Commissioner Balentine, director of public safety, appointed plaintiff to the position of chief engineer. The commissioner's term of office expired at noon that day. The plaintiff was sworn in on the forenoon of May 16, 1950, by the town clerk of Irvington and proceeded to discharge the duties of chief engineer. Commissioner Hausmann, who succeeded Commissioner Balentine as director of public safety, commenced his term of office at noon on May 16, 1950. He forthwith directed plaintiff to relinquish the duties of chief engineer and designated one of the eligible persons, Ziegenfus, to be acting chief engineer. On the same day, Commissioner Hausmann notified the Civil Service Commission of Ziegenfus' appointment and requested that an examination be held for the position of chief engineer. On June 7, 1950, in reply to a protest from plaintiff's attorney, the President of the Civil Service Commission informed him by letter that he refused to approve the appointment of the plaintiff and directed that a promotional examination be held. The letter concludes:

"The question whether I have exercised my authority wisely in the Irvington case is one to which I have a complete answer. This appointment by Director Balentine was a 'midnight appointment.' That is to say, it was attempted in the closing hours of his term of office. Since the day when Thomas Jefferson succeeded John Adams as President of the United States, 'midnight appointments' have been denounced by all who believe in sound government. If I have in this instance exercised the small powers vested in me by law to thwart a 'midnight appointment,' I have made some contribution to good government."

The agreed statement of facts discloses no communication in reference to the appointment of plaintiff with the President of the Civil Service Commission prior to plaintiff's promotion.

Plaintiff contends that in view of the provisions of Rule 24 of the Civil Service Commission, the action of the president was an abuse of discretion in not approving the appointment of plaintiff to the position of chief engineer of the Irvington fire department.

*R. S.* 11:4–2 provides:

"Appointments to and promotions in the civil service of the state shall be made only according to merit and fitness, to be ascertained, as far as practicable, by examinations, competitive, if practicable. * * *"

Under authority granted by *R. S.* 11:5–1(a), as am. *L.* 1944, *c.* 65, *p.* 128, §10, the Civil Service Commission adopted Rule 24, which reads as follows:

"When there are not more than three persons eligible to take the promotion test, or not more than three of those who are eligible file an application to take such test, and the preference rights of veterans will not be affected, the President may, in his discretion, authorize such promotion without competitive test."

The competitive system, as a means of ascertaining "merit and fitness" of applicants for promotion, embodies the basic statutory policy. See *Davaillon v. Elizabeth,* 121 *N. J. L.* 380, 385 (*Sup. Ct.* 1938). The power of appointment to positions in the classified service is limited either by competitive tests under *R. S.* 11:4–2 or by authorization from the president under Rule 24. Rule 24 vests no power in the appointing authority to ignore the requirement of a competitive examination, but rather permits the President of the Civil Service Commission, under certain circumstances, to authorize a promotion without a competitive test. The rule imposes no obligation on the president to exercise his discretion to approve or disapprove an appointment already made, but it does require authorization from the president as a prerequisite

to an appointment in the absence of a competitive test. In the present case, the appointment of plaintiff having been made without a competitive examination and without the authorization above mentioned, we conclude that the retiring director of public safety, Balentine, was without power to appoint the plaintiff.

Moreover, the act of the president, of which plaintiff complains, occurred on June 7, 1950. Before that date the existing appointing authority (Commissioner Hausmann) had requested a promotional examination, which request had been granted. Under these circumstances we find there was no abuse of discretion.

The action of the President of the Civil Service Commission is affirmed.